IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 13-cv-00160-WJM-BNB

DARRELL S. ELLIOTT,
DIANE ELLIOTT, and
DARRELL S. ELLIOTT, PSP,

Plaintiffs,

v.

THOMPSON NATIONAL PROPERTIES, LLC, a Delaware limited liability company,
TNP 12% NOTES PROGRAM, LLC,
TNP STRATEGIC RETAIL TRUST, INC., and
ANTHONY W. THOMPSON,

Defendants.

_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

_____

This matter arises on **Plaintiff's Opposed Motion to Amend Complaint** [Doc. # 42,

filed 4/23/2013] (the "Motion to Amend").  I respectfully recommend that the Motion to Amend

be granted in part and denied in part as specified.

## I.  Background

The action was commenced on January 23, 2013, by the filing of a Complaint [Doc. # 1].

The Complaint names four defendants[1] and asserts two causes of action against all of them:

(1) Breach of Guarantee, and (2) Unjust Enrichment.

The plaintiffs filed an Amended Complaint and Jury Demand [Doc. # 9] (the "Amended

_____

[1]The defendants are Thompson National Properties, LLC ("Thompson National"); TNP
12% Notes Program, LLC ("TNP 12%"); TNP Strategic Retail Trust, Inc. ("TNP Strategic");
and Anthony W. Thompson ("Mr. Thompson").

Complaint") as of right on January 30, 2013, apparently in response to an Order to Show Cause [Doc. # 8] issued by the district judge.  The Amended Complaint is brought against the same four defendants and asserts the same two causes of action.  The Amended Complaint appears to be identical to the Complaint except to identify the members of the limited liability defendants.  Amended Complaint [Doc. # 9] at ¶¶2-3.

Defendant TNP Strategic moved to dismiss the Amended Complaint arguing that the allegations are insufficient under the rule of Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), and that the Amended Complaint fails to plead any claims against it.  TNP Strategic Motion to Dismiss [Doc. # 22].  Defendant Anthony W. Thompson moved to dismiss on similar grounds.  Thompson Motion to Dismiss [Doc. # 27].  Defendants Thompson National and TNP 12%[2] answered the Amended Complaint.  Answer [Doc. # 21].

The Scheduling Order [Doc. # 37] established May 31, 2013, as the deadline to join parties and amend pleadings.  Because the Motion to Amend is brought within that deadline, I am concerned only with the requirements of Fed. R. Civ. P. 15(a) and the cases construing it.  Rule 15(a), Fed. R. Civ. P., provides that leave to amend should be freely given as justice may require.  In addition:

> In the absence of any apparent or declared reason--such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.--the leave sought should, as the rules require, be "freely given."

---

[2]The plaintiffs have used two different acronyms--"TNP" and "TNP 12%"--to denote defendant TNP 12% Notes Program, LLC.  See Second Amended Complaint [Doc. # 42-1] at ¶¶3, 10.  I will refer to TNP 12% Notes Program, LLC, as "TNP 12%."

2

<u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962).

## II.  Futility

The plaintiffs have attached their proposed Second Amended Complaint [Doc. # 42-1] as an exhibit to the Motion to Amend.  The Second Amended Complaint is brought against the original four defendants, but it adds an additional claim for relief and identifies the particular defendants against which each claim is asserted.  Specifically, the First Claim for Breach of Guarantee is brought against Thompson National and TNP 12%; the Second Claim for Unjust Enrichment is brought against Thompson National, TNP 12%, and TNP Strategic; and the Third Claim alleging violations of federal securities laws is brought against Thompson National, TNP 12%, and Anthony W. Thompson.

All defendants oppose the Motion to Amend, arguing that it is futile.  Response [Doc. # 47] at p. 1.

### A.  The Unjust Enrichment Claim

First, the defendants argue that the amended unjust enrichment claim is futile because it is duplicative of the breach of guarantee claim, and "[a] party cannot recover restitution under a claim for unjust enrichment when an express contract covers the same subject matter."  Response [Doc. # 47] at p. 3.  In support, the defendants point to <u>Interbank Investments, LLC v. Eagle River Water and Sanitation Dist.</u>, 77 P.3d 814, 816 (Colo. App. 2003), which holds:

> In general, a party cannot recover for unjust enrichment by asserting a quasi-contract when an express contract covers the same subject matter because the express contract precludes any implied-in-law contract.  However, this principle recognizes two exceptions.
>
> First, a party can recover on a quasi-contract when the implied-in-law contract covers conduct outside the express contract or matters

> arising subsequent to the express contract.
>
> Second, a party can recover on a quasi-contract when the party
> will have no right under an enforceable contract.  For example,
> quasi-contract recovery may be allowed when an express contract
> failed or was rescinded.

(Internal citations omitted.)  Nor, according to the defendants, could the unjust enrichment claim

be saved if it were pled in the alternative.  See EchoStar Satellite, L.L.C. v. Splash Media

Partners, L.P., 2010 WL 3873282 *8 (D. Colo.  Sept. 29, 2010)(holding that "'[a]lternative

pleading . . . does not limit the principle that an express contract precludes an implied contract on

the same subject matter'" and the "fact that EchoStar's breach of contract claim may fail does

not allow EchoStar to plead unjust enrichment in the alternative") (quoting Interbank, 77 P.3d at

817).

     Significantly, the defendants do not dispute the validity or enforceability of the

Guarantee.  Answer [Doc. # 21] at p. 5; Scheduling Order [Doc. # 37] at p. 3.  Instead, the

defendants assert that "under the terms and conditions of the [express contracts], TNP put forth a

vote to all investors to extend TNP's performance obligations until 2016.  The majority of

investors voted on such an extension, and as such TNP's obligations under the aforementioned

notes were extended until sometime in 2016."  Scheduling Order [Doc. # 37] at p. 3.[3]

     What should be a relatively straightforward issue is rendered more complex by the state

of the pleadings.  First, although the plaintiffs allege the existence of promissory notes issued to

them by TNP 12% and breach of those promissory notes, see Second Amended Complaint [Doc.

# 42-1] at ¶¶17-19 and 38, the plaintiffs do not bring a claim against TNP 12% to collect on the

_____

     [3]It is not apparent to which entity the defendants refer through use of the "TNP"
acronym.

promissory notes.  Instead, the sole contractual claim is under Thompson National's guaranty to repay the notes.  In addition, although the caption to the Second Claim indicates that it is brought against Thompson National, TNP 12%, and TNP Strategic, the text of the claim alleges unjust enrichment only by Thompson National and TNP Strategic.  Id. at ¶¶47, 49.

Second, the Amended Complaint [Doc. # 9] already contains a claim for unjust enrichment, apparently against all defendants.  Thompson National and TNP 12% have answered that claim without raising the Interbank argument.  Answer [Doc. # 21].  Thus, with respect to Thompson National and TNP 12%, the unjust enrichment claim will remain in the case even if the Motion to Amend is denied.  TNP Strategic has moved to dismiss the Amended Complaint as against it, including the unjust enrichment claim, but on grounds other than Interbank.  TNP Strategic Motion to Dismiss [Doc. # 22].

In General Steel Domestic Sales, LLC v. Steelwise, LLC, 2008 WL 2520423 (D. Colo. June 20, 2008), the court warned that the assertion of a futility argument in opposition to a motion to amend "seems to place the cart before the horse.  Rather than force a Rule 12(b)(6) motion into a Rule 15(a) opposition brief, the defendants may be better served by waiting to assert Rule 12 motions until the operative complaint is in place."  Id. at *4.  That argument holds particular force under the facts of this case, at least with respect to the claim for unjust enrichment.

B.  Securities Fraud

The defendants argue that the attempt to add a claim for securities fraud is futile, making two arguments: (1) the claim is not pled with sufficient particularity; and (2) the claim, insofar as it is made under 15 U.S.C. § 77l, is time barred.

5

In <u>Tellabs, Inc v. Makor Issues & Rights, Ltd.</u>, 551 U.S. 308, 321 (2007), the Supreme

Court explained:

> Under the [Private Securities Litigation Reform Act's] heightened
> pleading instructions, any private securities complaint alleging that
> the defendant made a false or misleading statement must:
> (1) specify each statement alleged to have been misleading [and]
> the reason or reasons why the statement is misleading; and (2)
> state with particularity facts giving rise to a strong inference that
> the defendant acted with the required state of mind.

(Internal quotations and citations omitted.)  <u>Accord</u> <u>Pirraglia v. Novell, Inc.</u>, 339 F.3d 1182,

1186 (10th Cir. 2003).

The allegations of the Second Amended Complaint do not specify the statements made

by the defendants alleged to be false or misleading or specify how those alleged statements are

false or misleading, nor are there sufficient allegations of scienter.  To the contrary, the

allegations are conclusory.  The material allegations of securities fraud contained within the

Second Amended Complaint [Doc. # 42-1] are simply that the defendants provided a Private

Placement Memorandum "which contained untrue statements of material fact and omissions"

upon which the plaintiffs relied, <u>id</u>. at ¶52, without greater specificity; Mr. Thompson "made

personal assurances, invited the Elliotts to speeches, lunches and met personally with Darrell S.

Elliott," <u>id</u>., without specifying the alleged assurances; Mr. Thompson "invited Mr. Elliott to

attend specific functions, invited him to take private trips to look at other investment

opportunities, and made a personal statement of guarantee," <u>id</u>., without specifying the

statement; the defendants made statements "in writing and in person to Plaintiffs which were

false, misleading or which omitted to state to Plaintiff that there was, in fact, no intention of

Thompson National Properties providing any real unconditional guarantee," <u>id</u>. at ¶54, without

any greater specificity; and that the plaintiffs relied on the documents given to them, id. at ¶56, without identifying the documents or the allegedly false or misleading statements within those documents.  These allegations are inadequate to satisfy the heightened pleading requirements of the PSLRA.

I do not reach the defendants' limitations argument, in part because it is unnecessary in view of the inadequacy of the allegations of the Second Amended Complaint under the PSLRA and in part because to do so would again "place the cart before the horse" by "[forcing] a Rule 12(b)(6) motion into a Rule 15(a) opposition."  General Steel, 2008 WL 2520423 at *4.

### III.  Recommendation

I respectfully RECOMMEND the Motion to Amend [Doc. # 42] be GRANTED IN PART and DENIED IN PART as follows:

•DENIED insofar as the plaintiffs seek to add the Third Claim for violations of the federal securities laws; and

•GRANTED in all other respects.[4]

---

[4]Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections.  A party's failure to serve and file specific, written objections waives de novo review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions.  Makin v. Colorado Dept. of Corrections, 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996).  A party's objections to this recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review.  United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated September 18, 2013.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge