**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge William J. Martínez**

Civil Action No. 13-cv-0160-WJM-BNB

DARRELL S. ELLIOTT,
DIANE ELLIOTT, and
DARRELL S. ELLIOTT PSP

      Plaintiffs,

v.

THOMPSON NATIONAL PROPERTIES, LLC, a Delaware limited liability company,
TNP 12% NOTES PROGRAM, LLC,
TNP STRATEGIC RETAIL TRUST, INC., and
ANTHONY W. THOMPSON

      Defendants.

---

**ORDER DENYING DEFENDANTS' MOTION TO DISMISS**
**PURSUANT TO RULE 12(b)(6) AS MOOT**

---

This matter is before the Court on the Motions filed by Defendants TNP Strategic

Retail Trust, Inc. (ECF No. 22) and Anthony W. Thompson (ECF No. 27) ("Defendants"),

respectively.  Plaintiffs have filed responses to each of these motions (ECF Nos. 43,44),

and Defendants a reply. (ECF Nos. 48, 49.)

For the reasons set forth below, the Court denies each of Defendants' Motion to

Dismiss on moot.

**I. DISCUSSION**

Defendants' Motions were filed on March 14, 2013 and April 2, 2013, respectively.

(ECF No. 22, 27.)  Plaintiffs subsequently filed a Further Amended Complaint on April

23, 2013.  (ECF No. 42-1).  As this was Plaintiff's second amended complaint, Plaintiff

moved the Court to accept same as the operative complaint. (ECF No. 42).  That motion

was opposed by Defendants. ECF No. 47.  On September 19, 2013, U.S. Magistrate

Judge Boyd N. Boland' Recommendation (ECF No. 51) GRANTED Plaintiffs' Motion in

part and denied in part.  Plaintiffs' Motion was denied insofar as Plaintiffs sought to add a

Third Claim for violations of the federal securities laws.  Plaintiffs motion was granted in

all other respects.

On November 4, 2013, the Court adopted Judge Boland's Recommendation.

(ECF No. 52.)  As such, the Further Amended Complaint exhibited to Plaintiffs' Motion to

Amend Complaint superseded previous complaints in the record. (ECF No. 42-1)

With respect to disposition of Defendants' Motions to Dismiss, it is well

established that an "amended complaint ordinarily supersedes the original and renders it

of no legal effect." *Davis v. TXO Prod. Corp.*, 929 F.2d 1515, 1517 (10th Cir. 1991).  It

follows that because an original complaint has been "superseded and nullified, there is

no longer a live dispute about the propriety or merit of the claims asserted therein;

therefore, any motion to dismiss such claims is moot."  *Glass v. The Kellogg Co.*, 252

F.R.D. 367, 368 (W.D. Mich. 2008); *Ky. Press Ass'n, Inc. v. Ky.*, 355 F. Supp. 2d 853,

857 (E.D. Ky. 2005) ("Plaintiff's amended complaint supersedes the original complaint,

thus making the motion to dismiss the original complaint moot.").

Here, similarly, because the Amended Complaint at ECF No. 42-1 supersedes

previous complaints in the record, Defendants' Motions to Dismiss are moot.  (ECF Nos.

22, 27).  The Court takes no view on the merits of Defendants' Motions as to the

previous complaint.  As such, both of the Motions to Dismiss are denied without

prejudice. *See Glass*, 252 F.R.D. at 368; *Ky. Press Ass'n, Inc.* F. Supp. 2d at 857.

## II.CONCLUSION

1.    Defendants' Motions to Dismiss (ECF Nos. 22 and 27) are DENIED AS

MOOT.

2.    Plaintiffs are DIRECTED to re-file their Further Amended Complaint, which

was appended as an exhibit to their motion for leave to file an amended

complaint (ECF No. 42).  Plaintiffs are advised to carefully ensure that their

re-filed Further Amended Complaint is fully consistent with Judge Boland's

Recommendation Order (ECF No. 51), and the Court's Order adopting

same.  (ECF No. 52.)  Such filing is to be made no later than 5 p.m.,

November 20, 2013.

Dated this 8 th day of November, 2013.

BY THE COURT:

_____
William J. Martínez
United States District Judge