IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 13-cv-0160-WJM-BNB
DARRELL S. ELLIOTT,
DIANE ELLIOTT, and
DARRELL S. ELLIOTT PSP,

      Plaintiffs,

v.

THOMPSON NATIONAL PROPERTIES, LLC, a Delaware limited liability company,
TNP 12% NOTES PROGRAM, LLC, and
TNP STRATEGIC RETAIL TRUST, INC.,

      Defendants.

---

## ORDER DISMISSING CLAIMS AND
## GRANTING PLAINTIFFS' MOTION FOR ENTRY OF DEFAULT JUDGMENT

---

Plaintiffs Darrell S. Elliott, Diane Elliott, and Darrell S. Elliott PSP (collectively "Plaintiffs") bring this action against Defendants Thompson National Properties, LLC ("Thompson"), TNP 12% Notes Program, LLC ("TNP 12%"), and TNP Strategic Retail Trust, Inc. (the "Trust") (collectively "Defendants") alleging breach of guaranty and unjust enrichment.  (ECF No. 54.)  Before the Court is Plaintiffs' Motion for Entry of Default Judgment Against All Defendants ("Motion").  (ECF No. 71.)  For the following reasons, default is entered, certain claims are dismissed and the Motion is otherwise granted.

## I.  BACKGROUND

Plaintiffs filed their Complaint in this action on January 23, 2013 (ECF No. 1), and an Amended Complaint on January 30, 2013 (ECF No. 9).  Defendants responded to the Amended Complaint on March 14, 2013 with an Answer and a Motion to Dismiss

(ECF Nos. 21 & 22), but the filing of Plaintiffs' Second Amended Complaint ("SAC") (ECF Nos. 42-1 & 54) rendered moot the Motion to Dismiss.  (ECF No. 53.)

The SAC alleges that, in 2008, Plaintiffs Darrell S. Elliott and Diane Elliott purchased a promissory note from TNP 12% in the amount of $100,000, and Plaintiff Darrell S. Elliott PSP purchased two more notes from TNP 12% in the amounts of $100,000 and $50,000 (collectively the "Notes").  (SAC ¶¶ 17-19.)  Pursuant to the terms of the Confidential Private Placement Memorandum and Subscription Agreement ("Subscription Agreement") (ECF No. 42-3), TNP 12% was obligated to pay 12% interest on the Notes, accruing and payable quarterly, and to repay the principal of the Notes in a lump sum on June 10, 2011, subject to any extension.  (ECF No. 42-3 at 1.) TNP 12% was permitted to extend the terms of the Notes for up to two additional one-year terms, the first year of which would yield interest of 12.25%, and the second year 12.50%.  (*Id.* at 10.)  TNP 12%'s obligations to pay principal and interest under the Subscription Agreement were unconditionally guaranteed by Thompson pursuant to a Guaranty attached to the Subscription Agreement, which was provided "[i]n order to induce each prospective purchaser . . . to purchase the Notes."  (ECF Nos. 42-2 & 42-3 at 40.)

Plaintiffs allege that TNP 12% made the required interest payments to Plaintiffs from 2008 to 2011, and subsequently exercised its option to extend the terms of the Notes to June 10, 2013.  (SAC ¶ 23.)  However, TNP 12% stopped making interest payments in 2012.  (*Id.* ¶ 24.)  On October 25, 2012, Plaintiffs sent a letter to Defendants asserting that the failure to make interest payments constituted a default, and requesting redemption of the Notes pursuant to the terms of the Subscription

2

Agreement.  (*Id.* ¶ 26; *see* ECF No. 42-3 at 21.)  Defendants refused to redeem the

Notes.  (SAC ¶ 26.)

Plaintiffs filed this action bringing claims for breach of the guaranty against

Thompson and TNP 12%, and unjust enrichment against all three Defendants.[1]  (SAC

¶¶ 34-50.)  Plaintiffs seek actual damages, costs, attorneys' fees, and pre- and post-

judgment interest.  (*Id.* p. 8.)

After the SAC was filed, Defendants filed an Amended Answer on November 25,

2013.  (ECF No. 55.)  However, Defendants' counsel moved to withdraw as attorney of

record on April 4, 2014 (ECF No. 63), which was granted after a hearing on April 17,

2014.  (ECF No. 68.)  Defendants have since failed to obtain new counsel or otherwise

participate in this action, including responding to discovery requests.  (ECF No. 71 at 2-

3.)

Plaintiffs filed a Motion for Summary Judgment on May 7, 2014.  (ECF No. 70.)

Plaintiffs attempted to confer with Defendants regarding the Motion for Summary

Judgment but were unable to reach them, and Defendants filed no Response.  (*Id.* at

1.)  As a result of Defendants' failure to defend this action, Plaintiffs filed the instant

Motion seeking a default judgment.  (ECF No. 71.)

## II.  LEGAL STANDARD

Default must enter against a party who fails to "plead or otherwise defend" a

lawsuit.  Fed. R. Civ. P. 55(a).  Pursuant to Rule 55(b)(1), default judgment must be

---

[1] Plaintiffs originally sought to bring a third claim against Thompson and TNP 12% under the Securities Exchange Act of 1934 and Rule 10b5, but Plaintiffs' request to include that claim in the SAC was denied.  (ECF No. 52.)  Plaintiffs' claims against former Defendant Anthony W. Thompson were dismissed by stipulated motion.  (ECF Nos. 57 & 58.)

entered by the clerk of court if the claim is for "a sum certain"; in all other cases, "the party must apply to the court for a default judgment."  Fed. R. Civ. P. 55(b)(2).  "[D]efault judgment must normally be viewed as available only when the adversary process has been halted because of an essentially unresponsive party.  In that instance, the diligent party must be protected lest he be faced with interminable delay and continued uncertainty as to his rights.  The default judgment remedy serves as such a protection."  *In re Rains*, 946 F.2d 731, 732-33 (10th Cir. 1991) (internal quotation marks and citation omitted).  "[A] party is not entitled to a default judgment as of right; rather the entry of a default judgment is entrusted to the 'sound judicial discretion' of the court."  *Greenwich Ins. Co. v. Daniel Law Firm*, 2008 WL 793606, at *2 (D. Colo. Mar. 22, 2008) (internal citation omitted).

### III.  ANALYSIS

### A.    Entry of Default

"[T]he 'typical Rule 55 case is one in which a default has entered because a defendant failed to file a timely answer.'"  *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 129 (2d Cir. 2011) (quoting *Brock v. Unique Racquetball & Health Clubs, Inc.*, 786 F.2d 61, 64 (2d Cir. 1986)) (brackets omitted).  However, Rule 55(a) also permits the entry of default where a party has failed to "otherwise defend".

A corporation or limited liability company in litigation in the federal courts must be represented by counsel.  *See Tal v. Hogan*, 453 F.3d 1244, 1254 n.8 (10th Cir. 2006) (collecting cases).  When Defendants' counsel withdrew from this case on April 17, 2014, Defendants were explicitly cautioned that:

> (I) they are personally responsible for complying with all court orders and time limitations established by applicable statutes and rules; and (ii) as legal entities, the defendants may not appear without counsel admitted to the bar of this court, and absent appearance of substitute counsel by April 30, 2014, pleadings and papers may be stricken, *and default judgment or other sanctions may be imposed against the defendants*. *See* D.C.COLO.LAttyR 5(b).

(ECF No. 69 (emphasis added).)  Despite this admonition, no substitute counsel has entered an appearance on Defendants' behalf, and Defendants have failed to participate in discovery pursuant to the Scheduling Order.  (ECF No. 71 at 3.)

As Defendants have undisputedly failed to defend this action or comply with the Scheduling Order since the withdrawal of their counsel on April 17, 2014, Defendants' Amended Answer is stricken, and the Clerk of Court is directed to enter default against Defendants pursuant to Rule 55(a).  *See Mickalis Pawn Shop*, 645 F.3d at 129-31 (default may properly enter against corporate defendant that ceases participating in its own defense, fails to comply with order to obtain substitute counsel, and is on notice that such conduct will result in default); *DC Aviation, LLC v. Avbase Flight Servs., LLC*, 2007 WL 2683554, at *1 (D. Colo. Sept. 7, 2007) (Court may strike the answer of corporate defendants that fail to obtain representation).

## B.    Default Judgment

A defendant that has previously appeared through counsel must be provided with written notice of the plaintiff's motion for default judgment at least seven days before the motion is heard.  Fed. R. Civ. P. 55(b)(2).  The instant Motion was filed on July 25, 2014, and was served on Defendants by mail.  (ECF No. 71 at 6.)  Thus, the Court finds that Defendants received the requisite notice under Rule 55(b)(2).

Before granting a motion for default judgment, the Court must take several steps. First, the Court must ensure that it has personal jurisdiction over the defaulting defendants and subject matter jurisdiction over the action. *See Williams v. Life Sav. & Loan*, 802 F. 2d 1200, 1202-03 (10th Cir. 1986). Next, the Court should consider whether the well-pleaded allegations of fact, which are deemed admitted by a defendant in default, support a judgment on the claims against the defaulting defendants. *See Fed. Fruit & Produce Co. v. Red Tomato, Inc.*, 2009 WL 765872, at *3 (D. Colo. March 20, 2009) ("Even after entry of default, however, it remains for the court to consider whether the unchallenged facts constitute a legitimate basis for the entry of a judgment.") (citations omitted). "In determining whether a claim for relief has been established, the well-pleaded facts of the complaint are deemed true." *Id.* (citing *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983)). Once the Court is satisfied that default judgment should be entered, it has the discretion to seek evidence supporting the amount of damages. *See* Fed. R. Civ. P. 55(b)(2).

      1.   <u>Jurisdiction</u>

The Court finds that jurisdiction exists in this case pursuant to 28 U.S.C. § 1332 because the parties are of diverse citizenship and the matter in controversy exceeds $75,000, exclusive of interest and costs. Plaintiffs Darrell S. Elliott and Diane Elliott are individuals residing in Colorado, and Plaintiff Darrell S. Elliott PSP is a Colorado profit sharing plan. (SAC ¶ 1.) Thompson is a limited liability company whose members reside in Utah and California, TNP 12% is a limited liability company whose sole

member is Thompson, and the Trust is a Maryland corporation with a principal place of business in California.  (*Id.* ¶¶ 2-4.)  All three Defendants do business in Colorado.  (*Id.*)  Accordingly, the Court finds that it has both subject matter jurisdiction and personal jurisdiction over Defendants.

    2.   <u>Plaintiff's Claims</u>

        a.   *Breach of Guaranty*

Plaintiffs bring a claim for breach of the Guaranty against TNP 12% and Thompson, alleging that TNP 12% breached the Notes by failing to pay principal and interest, and that Thompson breached the Guaranty when it failed to pay the outstanding amounts owed by TNP 12%.  (SAC ¶¶ 36-39.)

The terms of the Guaranty specify that it "shall be governed by and construed and enforced in accordance with the laws of the State of California."  (ECF No. 42-2.)  Under California law, "a contract of guaranty is a secondary and not a primary obligation and can exist only where there is some principal or substantive liability to which it is collateral."  *Somers v. U.S. Fid. & Guar. Co.*, 217 P. 746, 749 (Cal. 1923).  Thus, no party may be liable on the Guaranty unless the underlying Subscription Agreement was breached.

Taking the facts pled in the SAC as true, TNP 12%'s failure to make interest payments constituted a breach of contract.  The Subscription Agreement constituted a valid contract between Plaintiffs and TNP 12%, Plaintiffs paid for the Notes pursuant to that contract, TNP 12% failed to comply with its obligations, and Plaintiffs were caused damages.  *See Freed v. Manchester Serv.*, 331 P.2d 689, 691 (Cal. Ct. App. 1958); *see also Hitchens v. Thompson Nat'l Props., LLC*, 2014 WL 1034540, at *4-*7 (D. Colo.

7

March 18, 2014) (interpreting the Subscription Agreement and Guaranty under nearly identical facts, and holding that Thompson's and TNP 12%'s attempt to restructure and modify the terms of the Notes was not effective because the plaintiffs had not consented to the modification).

After TNP 12%'s breach, Thompson was liable to Plaintiffs under the Guaranty. (*See* ECF No. 42-2.)  Thompson's failure to redeem the Notes thus constituted a breach of the Guaranty.  *Id.*; *Hitchens*, 2014 WL 1034540, at *7 ("Because this is a Guaranty Agreement, Plaintiffs have incurred damages of and are entitled to, at minimum their guaranteed investment of $100,000.") (citing *Somers v. U.S. Fidelity & Guaranty Co.,* 217 P. 746, 748 (1923)).  Accordingly, the Court finds that Plaintiffs have established a breach of the Guaranty for which Thompson may be held liable, and the Motion is granted as to that claim.

However, Plaintiffs have failed to make any argument or plead any facts establishing that TNP 12% could be held liable under the Guaranty, as the only parties to the Guaranty were Plaintiffs and Thompson.  While the facts pled show that TNP 12% breached the Subscription Agreement, Plaintiffs do not bring any claim for breach of the Subscription Agreement.  (*See* SAC pp. 6-8.)  As TNP 12% was not a party to the Guaranty, the Court finds that Plaintiffs have failed to plead a valid claim for breach of the Guaranty against TNP 12%, and that claim must be dismissed.  Fed. R. Civ. P. 12(b)(6); *Birkley v. PRI Automation of Mass.*, 54 F. App'x 922, 924 (10th Cir. 2003) (*sua sponte* dismissal of meritless claim permissible under Rule 12(b)(6)).

b.    *Unjust Enrichment*

Plaintiffs' claim for unjust enrichment is brought against all three Defendants. (SAC ¶¶ 41-50.)  Plaintiffs contend that Thompson accepted the funds used to purchase the Notes, and that capital from the TNP 12% Notes Program was commingled with Thompson's other funds and transferred to the Trust to fund its investments.  (*Id.*)

Under California law, "[t]he phrase 'Unjust Enrichment' does not describe a theory of recovery, but an effect: the result of a failure to make restitution under circumstances where it is equitable to do so."  *Lauriedale Assocs., Ltd. v. Wilson*, 9 Cal. Rptr. 2d 774, 780 (Cal. Ct. App. 1992).  A "quasi-contractual" claim for restitution "is inappropriate where, as here, express binding agreements exist and define the parties' rights."  *Maystruk v. Infinity Ins. Co.*, 96 Cal. Rptr. 3d 494, 497 n.6 (Cal. Ct. App. 2009).

Here, the Court has found that Plaintiffs had enforceable contracts with both TNP 12% and Thompson.  Accordingly, an equitable claim does not lie as against these parties.  *See Hitchens*, 2014 WL 1034540, at *8.  Thus, Plaintiffs have failed to state a claim for unjust enrichment against either Thompson or TNP 12%, and that claim is dismissed as against these two Defendants.

However, Plaintiffs' unjust enrichment claim is also brought against the Trust, with which Plaintiffs had no enforceable contract.  The entirety of Plaintiffs' allegations as to the Trust are as follows:

> TNP Strategic Retail Trust's managing member is Thompson National
> Properties.  TNP Strategic Retail Trust received funds from Thompson
> National that were used in the purchase of real estate.  Capital from TNP
> 12% Notes Program, LLC was com[m]ingled and used to fund the Retail
> Trust and its investments. . . .  TNP Strategic Retail Trust has been

unjustly enriched in receiving capital from Thompson National that
originally came from the TNP 12% Notes Program.

(SAC ¶¶ 33, 48-49.)  Although Plaintiffs do not directly allege that the specific funds

they paid to Thompson for the Notes were transferred to the Trust, they state that some

portion of the capital from TNP 12% was commingled with Trust funds.  Apart from their

conclusory statements, however, Plaintiffs have failed to provide any allegation or

argument that this unjustly enriched the Trust or that would otherwise support an award

of restitution to Plaintiffs.  Plaintiffs' Motion for Default Judgment focuses solely on

Defendants' failure to defend, and makes no substantive arguments in support of the

claims asserted in the SAC.[2]

The Court finds the allegations in the SAC insufficient to establish a claim for

unjust enrichment against the Trust.  Therefore, that claim is dismissed for failure to

state a claim on which relief can be granted.

    3.   <u>Damages</u>

The Court has found that Defendants are in default under Rule 55(a), and that a

default judgment should be entered against Thompson on Plaintiffs' claim for breach of

the Guaranty.  However, the amount of damages must be ascertained before a final

default judgment can be entered against a party.  *See Klapprott v. United States*, 335

U.S. 601, 611-12 (1949); *Herzfeld v. Parker*, 100 F.R.D. 770, 773 (D. Colo. 1984) (citing

10 C. Wright, A. Miller & M. Kane, Federal Practice and Procedure: Civil § 2692 at 465-

---

[2] Although the Court declines to consider Plaintiffs' Motion for Summary Judgment, as it
is rendered moot by the instant Order, the Court notes that that motion also contains no
argument supporting Plaintiffs' unjust enrichment claim against the Trust.  (*See* ECF No. 70 at
8-11.)

66 (1983)).  Accordingly, prior to entry of judgment, Plaintiffs shall file an affidavit in support of the amount of damages resulting from Thompson's breach of the Guaranty.

## C.     Attorneys' Fees and Costs

Plaintiffs also seek an award of attorneys' fees and costs pursuant to Federal Rules of Civil Procedure 16, 37(b)(2)(A)(vi), and 54(d).  (ECF No. 71 at 4.)  However, Plaintiffs have not specified the amount of attorneys' fees they seek, nor have they submitted the necessary documentation supporting their request for attorneys' fees. Therefore, the Court declines to rule on Plaintiffs' request for attorneys' fees and costs at this time, but will consider a motion for fees and costs accompanied by the appropriate documentation.

## IV. CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1.     Defendants' Second Amended Answer (ECF No. 55) is hereby STRICKEN and the Clerk of Court is directed to enter Defendants' default;

2.     Plaintiffs' claims for breach of the Guaranty against TNP 12% and unjust enrichment against all three Defendants are DISMISSED for failure to state a claim on which relief can be granted;

3.     Plaintiffs' Amended Motion for Entry of Default Judgment Against Defendants (ECF No. 24) is GRANTED as to Plaintiffs' remaining claim for breach of the Guaranty against Thompson National Properties;

4.     Plaintiffs' Motion for Summary Judgment (ECF No. 70) is DENIED AS MOOT;

11

5.      Plaintiffs shall submit their supported damages by affidavit on or before

December 5, 2014; and

6.      Plaintiffs may submit a motion for attorneys' fees and costs, along with the

appropriate supporting documentation, on or before December 5, 2014.

Dated this 14th day of November, 2014.

BY THE COURT:

_____

William J. Martinez
United States District Judge