IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 13-cv-0160-WJM-NYW

DARRELL S. ELLIOTT,
DIANE ELLIOTT, and
DARRELL S. ELLIOTT PSP,

    Plaintiffs,
v.

THOMPSON NATIONAL PROPERTIES, LLC, a Delaware limited liability company,
TNP 12% NOTES PROGRAM, LLC, and
TNP STRATEGIC RETAIL TRUST, INC.,

    Defendants.

---

**ORDER GRANTING IN PART AND DENYING IN PART
PLAINTIFFS' MOTION FOR DAMAGES AND ATTORNEYS' FEES**

---

Plaintiffs Darrell S. Elliott, Diane Elliott, and Darrell S. Elliott PSP (collectively "Plaintiffs") bring this action against Defendants Thompson National Properties, LLC ("Thompson"), TNP 12% Notes Program, LLC ("TNP 12%"), and TNP Strategic Retail Trust, Inc. (collectively "Defendants") alleging breach of guaranty and unjust enrichment.  (ECF No. 54.)  On November 14, 2014, the Court dismissed Plaintiffs' claims against TNP 12% and TNP Strategic Retail Trust, Inc., and granted Plaintiffs' Motion for Default Judgment against Defendant Thompson.  (ECF No. 73.)  Before the Court is Plaintiffs' Statement of Damages and request for attorneys' fees ("Motion").  (ECF No. 75.)  For the reasons set forth below, the Motion is granted in part and denied in part.

## I. LEGAL STANDARD

Once the Court is satisfied that default judgment should be entered, it has the discretion to hold a hearing to determine the amount of damages. See Fed. R. Civ. Pro. 55(b)(2). Generally, a damages hearing is not needed when the damages requested are for a sum certain. See United States v. Craighead, 176 F. App'x 922, 925 (10th Cir. 2006). However, actual proof must support any default judgment for money damages. See Klapprott v. United States, 335 U.S. 601, 611-12 (1949). Moreover, the amount of damages must be ascertained before a final default judgment can be entered against a party. See Herzfeld v. Parker, 100 F.R.D. 770, 773 (D. Colo. 1984) (citing 10 C. Wright, A. Miller & M. Kane, Federal Practice and Procedure: Civil § 2692 at 465-66 (1983)).

## II. ANALYSIS

**A.    Plaintiffs' Damages**

The Court has already found that it has jurisdiction over this matter, and that Plaintiffs are entitled to relief on their breach of guaranty claim against Thompson. (ECF No. 73 at 11.) However, the Court dismissed Plaintiffs' breach of guaranty claim against TNP 12%, and dismissed Plaintiffs' unjust enrichment claim against all Defendants. (*Id.*) Therefore, although Plaintiffs' Motion requests a damages award against Defendants collectively, the Court's only task is to determine what damages are attributable to Defendant Thompson's conduct in breaching the guaranty. (ECF No. 75.) The Motion is accordingly denied to the extent it seeks an entry of judgment or award of attorneys' fees against Defendant TNP 12% or Defendant TNP Strategic Retail Trust, Inc.

The operative Complaint in this matter alleges that, in 2008, Plaintiffs Darrell S. Elliott and Diane Elliott purchased a promissory note from TNP 12% in the amount of $100,000, and Plaintiff Darrell S. Elliott PSP purchased two more notes from TNP 12% in the amounts of $100,000 and $50,000 (collectively the "Notes"). (ECF No. 54 at ¶¶ 17-19.) Pursuant to the terms of the Confidential Private Placement Memorandum and Subscription Agreement ("Subscription Agreement") (ECF No. 42-3), TNP 12% was obligated to pay 12% interest on the Notes, accruing and payable quarterly, and to repay the principal of the Notes in a lump sum on June 10, 2011, subject to any extension. (ECF No. 42-3 at 1.) TNP 12% was permitted to extend the terms of the Notes for up to two additional one-year terms, the first year of which would yield interest of 12.25% with a maturity date of June 10, 2012, and the second year 12.5% with a maturity date of June 10, 2013. (*Id*. at 10.) TNP 12% made the required interest payments to Plaintiffs from 2008 to 2011, and subsequently exercised its option to extend the terms of the Notes to June 10, 2013. (ECF No. 54 at ¶ 23.) TNP 12%'s obligations to pay principal and interest under the Subscription Agreement were unconditionally guaranteed by Thompson pursuant to a guaranty attached to the Subscription Agreement, which was provided "[i]n order to induce each prospective purchaser . . . to purchase the Notes." (ECF Nos. 42-2 & 42-3 at 40.)

The Court has held that Thompson breached the guaranty agreement, and is therefore liable to Plaintiffs for the principal and interest on the Notes. (ECF No. 73 at 8.) Plaintiff Darrell S. Elliott has submitted an affidavit in which he reiterates the principal balance on the Notes of $250,000.00. (ECF No. 75-1 at 1-2.) Plaintiff Elliott further states that the unpaid interest on the Notes from February 2012 through

December 2014 is $84,531.24. (*Id.* at 2.) From February 2012 through June 2012, the interest rate is calculated at 12.25% pursuant to the Subscription Agreement, which yields $12,760.41 in interest attributable to that time period. (*Id.* at 3.) From July 2012 through December 2014, the month in which Plaintiffs' filed their Motion, the interest rate is calculated at 12.5%, which yields $75,520.83 in interest attributable to that time period. (*Id.*) Because Plaintiffs received $3,750.00 in partial interest payments in April and July 2013, that amount is deducted from the interest owed, bringing the final total to $84,531.24. (*Id.*) The Court finds that Plaintiffs have provided sufficient documentation from which the Court can determine the full amount of damages sustained. Therefore, the Court further finds that judgment should enter in favor of Plaintiffs against Defendant Thompson in the amount of the Notes, or $250,000.00, as well as $84,531.24 in accrued interest.

**B.     Attorneys' Fees**

Plaintiffs' Motion also requests an award of attorneys' fees. (ECF No. 75.) Plaintiffs have shown that attorneys' fees are recoverable in this matter pursuant to the terms of the guaranty agreement with Thompson, which states that: "Guarantor further agrees to the extent permitted by law, to pay any costs or expenses, including the reasonable fees of an attorney, incurred by the Noteholders in enforcing this Guaranty." (ECF No. 75-1 at 34.) Thompson is therefore liable for Plaintiffs' attorneys' fees and costs incurred in enforcing the guaranty.

To determine a reasonable attorneys' fee, the court must calculate a "lodestar figure" by multiplying a reasonable hourly rate by the hours reasonably expended.

*Praseuth v. Rubbermaid, Inc.*, 406 F.3d 1245, 1257 (10th Cir. 2005) (citing *Case v. Unified Sch. Dist. No. 233*, 157 F.3d 1243, 1249 (10th Cir. 1998)). Counsel should exercise "billing judgment" prior to submitting a fee request to eliminate any needless, excessive, or redundant hours. *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). Billing judgment should also take into account the experience and relative skill of the billing attorneys. *Id*. Additional factors to determine a fee's reasonableness include "the complexity of the case, the number of reasonable strategies pursued, . . . the responses necessitated by the maneuvering of the other side," any potential duplicative services, and whether the hours would "normally be billed to a paying client." *Ramos v. Lamm*, 713 F.2d 546, 554 (10th Cir. 1983). A court may use its discretion to fashion an award of attorneys' fees it deems appropriate where counsel requests payment for hours other than those reasonably expended. *Id.* at 554-55.

Here, Plaintiff's counsel, Nicole Daniels, submitted an affidavit stating that Plaintiffs' attorneys' fees totaled $17,039.91, which includes costs of $1,414.91. (ECF No. 75-2 at 2, 10.) Ms. Daniels' hourly billable rate in this matter was $300.00 for 47.5 hours of work, and her paralegal, David Kistner, billed at an hourly rate of $125.00 for 11 hours of work. (*Id*. at 5-10.) After reviewing Ms. Daniels' detailed billing records supporting her fees request, the Court finds that the hourly rates and time expended on this matter are reasonable, and that counsel exercised proper billing judgment before submitting her request. The Court therefore awards Plaintiffs $15,625.00 in attorneys' fees.

The Court further finds that Plaintiffs are entitled to their costs under the terms of the guaranty agreement and Federal Rule of Civil Procedure 54(d), which provides that costs, other than attorneys' fees, should be awarded to a prevailing party. The Court therefore awards Plaintiffs $1,414.91 in costs.

### III. CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. Plaintiffs' Motion seeking damages and an award of attorneys' fees (ECF No. 75) is GRANTED IN PART AND DENIED IN PART as more specifically set forth in this Order;

2. The Clerk shall enter judgment in favor of Plaintiffs and against Defendant Thompson National Properties, LLC in the amount of $334,531.24 in damages, $15,625.00 in attorneys' fees; and $1,414.91 in costs;

3. The Motion is DENIED to the extent it seeks an entry of judgment or award of attorneys' fees against Defendant TNP 12% or Defendant TNP Strategic Retail Trust, Inc.; and

4. The Clerk shall enter final judgment in accordance with this Order and shall TERMINATE this case.

Dated this 18th day of May, 2015.

BY THE COURT:

_____
William J. Martinez
United States District Judge